22  397
d16a 106
22  397
e17a 326
]17a 337
17a 423

## APPELMAN v. GARA.

TRUSTS—NOTICE.

S. executed a deed of trust upon certain premises to secure the payment of a debt. By sundry mesne conveyances, each subject to the deed of trust, and duly recorded, the property passed to the trustee, who, without authority of the beneficiary, assumed to release the trust, falsely reciting that the debt had been paid, and thereupon gave a deed of trust upon the same premises to secure a debt of his own. *Held*, that the lien of the first trust deed was not released and that the circumstances were sufficient to put a subsequent purchaser upon inquiry and charge him with notice.

*Appeal from the District Court of Arapahoe County.*

Messrs. WELLS, TAYLOR & TAYLOR and Mr. L. J. LAWS, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is a suit in equity brought by Isaac B. Gara against L. P. Appelman, Samuel S. Griswold and others, to determine the priority of certain liens upon lot 38, in block 8, in Ellwood addition to the city of Denver. Appelman answered. The other defendants made default. The material facts disclosed by the record are as follows:

On April 27, 1882, Peter S. Shugart was the owner of the lot in question. He borrowed $1,200 from the plaintiff. This loan was evidenced by a promissory note dated on that day and due in three years, with interest thereon at the rate of ten per cent per annum. To secure the payment of the note, Shugart made and executed a trust deed conveying to Samuel S. Griswold the legal title to said lot, and granting him the power and authority, in case of default in the payment of the note, to sell the property at public auction for

cash, after four weeks' notice; which was duly recorded on April 29, 1882.

Upon the maturity of this note, the time of payment was extended for the period of two years.   On August 12, 1882, Shugart conveyed his equity in the property to one Loreno C. Lack, by a deed of that date, recorded on September 12, 1882.   On February 12, 1884, Lack conveyed the lot, subject to said trust deed, to one Annie E. McIntyre, which was recorded July 21, 1884.   On April 17, 1884, said McIntyre conveyed her interest in the property to Henry E. Hoffman. By a quitclaim deed dated July 29, 1884, Hoffman conveyed all his right, title and interest in the property, subject to said trust deed, to Samuel S. Griswold, which deed was recorded September 2, 1884.   Thereafter, on the 16th day of October, 1884, while he held the title to said real estate in trust and was vested with the equity therein by the quitclaim deed of Hoffman, Griswold, without the payment of the promissory note and without authority from plaintiff, executed, acknowledged and placed upon record a release deed to Shugart, wherein he recited that the indebtedness mentioned in the trust deed had been paid, and thereby attempted to release and discharge the above described property from the lien of the trust deed.   This release deed was recorded November 20, 1884.

On April 24, 1886, Griswold executed and delivered to George McAdams a trust deed, which was recorded on the same day, whereby he conveyed to said McAdams the legal title to the lot, in trust for the use of Appelman, to secure the payment of the sum of $1,400, with interest at the rate of one per cent per month, on or before two years from the date thereof.

Gara is, and was during all of these times, a resident of Pennsylvania, and had no notice or knowledge of the execution of the release deed, nor of the giving of the trust deed last mentioned, until about the first day of May, 1890.   The Shugart note is unpaid, and the principal, together with the interest thereon since March 27, 1887, is still due.   The case

was tried to the court and decree rendered in favor of plaintiff. Appelman prosecutes this appeal.

From the foregoing statement it will be seen that the trust deed to Griswold, given to secure the payment of the note of $1,200 to Gara, constituted a prior lien upon the property, and the execution of the release deed by Griswold to Shugart, without the payment of the note or the express authority of the holder, was an unwarranted exercise of power on his part, and was ineffectual to destroy Gara's lien as between him and the grantor, and subsequent purchasers with notice of such abuse of power.

The only question, therefore, to be determined is whether Appelman had such notice, or its equivalent, by being put upon inquiry by anything contained upon the record of the title to the lot. That he did not have actual notice may be conceded; but that he had before him what was equivalent, namely, constructive notice from the record, admits of no doubt. The original trust deed, of which he was bound to take notice, disclosed a contract by which the debt thereby secured was not due at the time its release was attempted. And by sundry mesne conveyances in the line of his title he was notified that the equity in the lot was vested in Griswold, the trustee, subject to this trust deed and held by him subject to this security at the time the release was executed and recorded ; that the release to Shugart, who at the time had no interest in the property, was in effect a release to himself. Under this condition of the title, if the trustee's power was not extinguished, it is evident that its exercise was a gross violation of his trust. The case of *Swift v. Smith*, 102 U. S. 442, involved facts almost identical with this case, and that court, speaking upon the question of notice, said :

" The record assured them that Jackson was the owner of the lots when the release to Dyer was made, and that Dyer had no interest in the trust deed to be released. They, therefore, were informed that the release was substantially a release by Jackson to himself of a debt which he had assumed to pay. Even if his power to execute the trust confided to

him by the trust deed was not extinguished by his acquisition of the property, it was evident that he could not release the lien, while he remained the owner of the lots, without a gross abuse of his trust."

With notice, therefore, of the conveyances through which Griswold became vested with the equity in the lot, and of the release of the trust deed by him while such owner, and before the maturity of the note secured thereby, appellant was apprised of facts sufficient to cast a suspicion upon the *bona fides* of the transaction, and put him upon inquiry whether the plaintiff's note had in fact been paid; and he cannot, after ignoring these facts, and dealing directly with the unfaithful trustee in relation to the trust property, invoke the doctrine that courts of equity extend to innocent purchasers without notice.

Our conclusion is that appellee has a lien on the lot prior to that of appellant, and that no such laches were shown that should destroy this priority.   The decree of the court below is accordingly affirmed.

*Affirmed.*