R. E. KELLY, *Conservator, etc. v.* BANK OF MOUNT HOPE *et al.*

(No. 8262)

Submitted March 3, 1936. Decided March 24, 1936.

HATCHER, PRESIDENT, and LITZ, JUDGE, dissenting.

*Love & Love,* for appellant.
*W. L. Lee,* for appellee.

KENNA, JUDGE:

This suit in equity was brought by The Oak Hill National Bank against Bank of Mount Hope, E. L. Morrison, receiver of the Bank of Pax, H. F. West, M. B. West, Annie L. Sutphin, H. B. Davis and C. E. Mahan, Jr., trustee. The plaintiff sued as the owner and holder of a certain promissory note originally in the amount of $2,250.00, executed by H. F. West and M. B. West to the order of L. S. Tully, dated July 14, 1926, and secured by a deed of trust of even date upon lots Nos. 2 and 3 in Block B in the town of Pax. At the time the suit was brought, the note held by the plaintiff had been reduced to $1,-837.00. The purpose of the suit was to cancel, in so far as the rights of the plaintiff are affected thereby, a certain purported release of the trust deed securing the plaintiff's note, and certain deeds made subsequent to the date of that release. The court below granted the relief prayed for, setting aside the release and the conveyances under attack in so far as the interests of the plaintiff and the security of the balance due upon its note were concerned. From the decree, E. L. Morrison, receiver of the Bank of Pax, prosecutes this appeal.

On July 14, 1924, H. F. West and M. B. West, his wife, conveyed lots 2 and 3 of Block B in the town of Pax to C. E. Mahan, Jr., trustee, to secure two notes. One of the notes was payable to the Bank of Mount Hope in the amount of $1,500.00. With that note, we are not concerned in this suit. The other note was signed by H. F.

and M. B. West and made payable to L. S. Tully in the amount of $2,250.00, payable at the rate of $50.00 each thirty days. The deed of trust required that the property should be kept insured with loss payable clause to the payees or their assigns.

On July 23, 1926, L. S. Tully transferred and delivered the $2,250.00 note to The Oak Hill National Bank as collateral security for a debt exceeding the amount of the note owed by Tully to that bank. The note made by the Wests was curtailed and renewed from time to time until on May 13, 1929, a renewal in the amount of $1,837.00 was executed and delivered to the plaintiff bank. This is the note sued on.

Some time subsequent to the last renewal of the note held by The Oak Hill National Bank, the buildings upon the property conveyed in the trust deed to Mahan, trustee, were destroyed by fire. H. F. West collected the insurance and, according to the testimony, paid to L. S. Tully, since deceased, the balances due on both of the notes secured by the trust deed. West, at the time, knew that the note of $2,250.00 had been transferred by Tully to the plaintiff, The Oak Hill National Bank, and that that bank held the renewal note in the amount of $1,-837.00. At the time that West made these payments to Tully, the testimony is that Tully undertook to procure the $1,837.00 note from the Oak Hill National Bank. This was never done, the testimony not disclosing that the matter was taken up with The Oak Hill National Bank, or that it was informed of the payments made to Tully.

On January 18, 1930, the Bank of Mount Hope, by L. S. Tully, vice-president, executed an entire release of the trust deed to Mahan, trustee. This was recorded July 10, 1930. This release was not signed by L. S. Tully in his own right, but purported to speak for the bank only and recited that the bank was the holder and owner of both of the notes secured by the deed of trust. At the time of the release, The Oak Hill National Bank held the renewal of the $2,250.00 note. The recital of ownership contained in the release was, therefore, in error.

Subsequent to the date of the recordation of the release, West borrowed $2,500.00 from the Bank of Pax and secured it by a deed of trust on lot 3, signed by himself and wife. The money was expended upon improvements placed by West upon lot 3, and the bank, in making the loan, relied upon the release of the former trust deed that had been excuted by the Bank of Mount Hope.

Upon this state of facts, the Bank of Pax contended in the court below that its lien upon lot 3 was to be fully protected as against the lien of the former trust deed securing the note held by The Oak Hill National Bank. This contention has been partly abandoned on this appeal, and here, the appellant contends that, under section 4 of chapter 91 of the Code of 1923, it is entitled to a decree for the value of the improvements that were placed upon lot 3 by the expenditure of the money that it furnished.

The section relied upon provides, in effect, that where a defendant against whom a decree or judgment for land has been rendered, presents his petition to the court rendering the decree or judgment alleging that while holding the premises under a title believed by him to be good, he has made permanent improvements thereon, if the court is satisfied of the probable truth of the allegations, the judgment or decree shall be suspended and a jury impaneled to fix and assess the fair and reasonable value of the improvements. Section 4 of the same chapter provides that in the event the jury finds in favor of the petitioner "they shall estimate in his favor, the value of such improvements as were so made before notice in writing of the title under which the plaintiff claims * * * ."

In the case at bar, the release that was relied upon by the Bank of Pax when it advanced the money on lot No. 3 was not executed by the holder of the note secured by the deed of trust made to Mahan, trustee. Neither was that release made by the original payee of that note as described in the deed of trust. The law of this state is well settled to the effect that a subsequent purchaser who

relies upon the release of a deed of trust securing bonds or notes, must ascertain that such bonds or notes have been paid or surrendered, and that otherwise, he purchases at his peril. In the absence of a release by the actual holder of the bonds or notes, the deed of trust continues to charge the purchaser with constructive notice of the lien securing the debt. *Bank* v. *Coal & Coke Co.*, 89 W. Va. 659, 109 S. E. 892. So that it is clear that the defendant, Bank of Pax, must be held to have advanced the money which defrayed the cost of the improvements on lot 3, with constructive notice of the plaintiff's claim from the public record. We conclude from this fact that the claim of the Bank of Pax for the recovery of the fair value of the improvements does not come within the purview of section 1 of chapter 91 of the Code 1923, because the Bank of Pax did not hold under the trust deed securing its note, a title which, in legal contemplation, that bank could say it believed to be good as against the claim of the plaintiff. To the contrary, the Bank of Pax was charged with knowledge from the record of the plaintiff's claim, and, having that knowledge, it could not believe that its own claim was good as against that of the plaintiff.

The above conclusion is borne out by several West Virginia cases involving the effect of constructive notice from the public records upon claims for improvements made under the statute in question. Without deviation, these cases have held that in order to entitle the claimant to the fair value of his improvements, they must have been placed upon the land recovered by the plaintiff without notice, actual or constructive, of the plaintiff's superior claim. This rule has been distinctly laid down in the following cases: *Dawson* v. *Grow*, 29 W. Va. 333, 1 S. E. 564; *Williamson* v. *Jones*, 43 W. Va. 562, 27 S. E. 411, 38 L. R. A. 694, 64 Am. St. Rep. 891; and *Thompson* v. *Bennett*, 105 W. Va. 191, 141 S. E. 784.

For the reasons herein stated, the decree of the Circuit Court of Fayette County must be affirmed.

*Affirmed.*

HATCHER, PRESIDENT, dissenting:

I cannot subscribe to the view of the majority that "the Bank of Pax was charged with knowledge from the record of the plaintiff's claim." The only information as to claimants of the two West notes imparted by the record itself, was that the original payee was L. S. Tully; that as vice-president of the Bank of Mount Hope, he executed for it a release of the West deed of trust; and that the release recited that his bank was *the holder and owner of both notes*. The recital did not affect the security of the actual holder of one of the notes. But when it is recalled how largely the business world relies upon the statements of reputable business concerns, it seems to me that the Bank of Pax should not be charged with lack of good faith in accepting the statement under seal of a neighboring bank, at that time in good standing.

In Scriptural phrase, the Oak Hill Bank would *reap that it did not sow*, an *austere* practice. Equity does not usually favor austerity.

Judge Litz joins in this dissent.