No. 17,935.

PHYLLIS JACOBS *v.* ROBERT M. PERRY, JR., ET AL.
(313 P. [2d] 1008)

Decided July 1, 1957.

Messrs. PETRE & ZIMMERMAN, Messrs. IRELAND, IRE-LAND, STAPLETON & PRYOR, Mr. WM. B. NAUGLE, for plaintiff in error.

Messrs. PARKISON & STEWART, for defendants in error.

*In Department.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear herein as they appeared in the trial court. We refer to plaintiff in error as plaintiff and defendants in error as defendants.

Plaintiff instituted this action pursuant to R.C.P. Colo. 105 to have fully adjudicated rights to the following seven mining claims, Copper King, Last Chance, Forest City, Wheatley, Clearfield, Moonlight and McCabee. Defendants answered and asserted superior rights to that portion of six of the claims which lie within the following described lands:

Lot 11, W½SE¼, NE¼SW¼, Section 4; E½NE¼, Section 8; Lot 1, W½NW¼, SE¼NW¼ and W½NE¼, Section 9, all in Township 10 South, Range 86 West, 6th P. M., Pitkin County, Colorado.

Defendants contend they have a superior title by virtue of:

(a) A connected chain of title from the United States of America; (b) Adverse possession for over 20 years; (c) Adverse possession for 18 years, C.R.S. '53, 118-7-1; (d) Over 7 years' possession under color of title and payment of taxes as provided in C.R.S. '53, 118-7-6.

Defendants also set up as defenses:

(a) Plaintiff is estopped to assert ownership; (b) Laches in bringing the action; (c) Limitations set forth in C.R.S. '53, 118-7-6.

Defendants make no claim to the Moonlight for the reason that it lies outside the boundaries of the lands above described.

The trial court made findings and conclusions of law as follows:

1. Plaintiff's original source of title to the mining claims was superior to defendants' title thereto.

2. Plaintiff's source of title, two treasurer's deeds (issued and recorded February 25, 1938), have not been assailed.

3. Defendants have acquired no title by adverse possession or use and have failed to establish any of their defenses except that of estoppel and laches and then only

as to those portions of the mining claims under irrigation and cultivation: " * * * such lands to all intents and purposes, have become a part of the agricultural lands belonging to defendants Perry. Neither plaintiff nor her predecessors, took any action with respect thereto until this present litigation. * * *

"Accordingly, defendants Perry are the owners and in possession of 10.46 acres of irrigated land of the Copper King and Last Chance lode claims and .3 of an acre of cultivated land of the McCabee lode mining claim involved in this action."

The decree determined plaintiff to be the owner of the mining claims except the 10.46 acres and .3 acre mentioned above and as to those parcels the court decreed the defendants the owners and entitled to possession. Both plaintiff and defendants assign error. Plaintiff claims she should have been decreed the owner of all of the mining claims. Defendants contend they should have been awarded not only the irrigated tracts but all portions of the mining claims overlapped by and in conflict with their lands above described.

Much of the testimony and the exhibits deal with titles, uses, rights of possession, etc., prior to February 25, 1938, the date of the two treasurer's deeds and the source of plaintiff's title to the mining claims.

This evidence and the arguments with reference thereto are, we think, wholly immaterial to the issues before us.

The treasurer's deeds created new titles to the mining claims clear of all prior titles, liens, rights of possession or other claims. This question is fully discussed in *Harrison v. Everett, et al.,* 135 Colo. 55, 308 P. (2d) 216, decided March 11, 1957, wherein we said:

"The issuance of a valid treasurer's deed created a virgin title erasing all former interest in the land."

See, also, *Flader v. Campbell,* 120 Colo. 66, 207 P. (2d) 1189; *McDermott v. Irrigation District,* 130 Colo. 44, 272 P. (2d) 995.

554

■ Only 16 years and 2 months had elapsed from the date of the treasurer's deed, February 25, 1938, to the date of filing this action, April 26, 1954. Consequently, defendants' claim of title by adverse possession under the 18-year and 20-year statutes of limitation fails since the statutory period required to divest plaintiff of her title had not elapsed.

■ Defendants' claims based on 7-years possession under color of title and payment of taxes (C.R.S. '53, 118-7-8) must fail because (a) defendants had no color of title, their deed expressly excepting the mining claims. It recited the following:

"subject to conflicts, if any, with the Copper King, Last Chance, Forest City, Wheatley and Clearfield patented Lode Mining Claims, all U. S. Survey No. 8113."

This exception covers all but .3 acre in the McCabee claim.

(b) Plaintiff, not defendants, paid all taxes "legally assessed" against the mining claims. True, the property was subjected to a double assessment, one being in the names of defendants who paid the same. That, however, was an unlawful assessment, in the names of strangers to the title, and the taxes based thereon were not "legally assessed."

■ C.R.S. '53, 118-7-6, does not fix a time within which plaintiff must bring an action. It does fix the time within which defendants must attack plaintiff's title arising out of the treasurer's deeds.

The trial court correctly found that the defendants had failed to establish title to any part of the mining claims by adverse use or possession under any of the statutes plead as defenses. In spite of such findings, however, the trial court concluded:

"That * * * defendants * * * have been in possession for many years of the irrigated and cultivated portions of the Copper King and Last Chance * * * and McCabee mining claims * * *. Plaintiff and her predecessor * * * knew of this irrigated and cultivated land and the use

thereof being made by defendants Perry and their predecessors in interest. *Such land to all intents and purposes have become a part of the agricultural lands belonging to defendants Perry. Neither plaintiff nor her predecessors took any action with respect thereto until this present litigation.*" (Emphasis supplied.)

Based on this conclusion the trial judge awarded to defendants: " * * * those portions of the mining claims under irrigation (10.46 acres of the Copper King and Last Chance lode mining claims) and cultivation (.3 of an acre of the McCabee lode mining claim) * * *." What the trial judge had in mind in finding: "Such land to all intents and purposes has become a part of the agricultural lands belonging to defendants * * *." is not clear.

■ Improvements may become a part of the lands on which they are placed. We know of no law or means whereby lands may be superimposed upon or become a part of other lands. Such findings cannot form a basis for divesting plaintiff of title and investing title thereto in defendants. Titles change hands by affirmative action, not by inaction.

■ The defense of estoppel has not been established. None of the elements necessary to create an equitable estoppel are present. Defendants have always been mere trespassers with reference to the land in question. Plaintiff, has since 1938 been the unquestioned fee owner of the land. There is no rule by which a mere trespasser may estop the owner from asserting title in a court of law or equity, or that permits a trespasser to continue his trespass until his actions divest the owner of his title. Parties are estopped when by their conduct they have placed an innocent person in a position where injury and damage would result to such innocent person, if the other parties are permitted to assume a position contrary to their misleading actions. Defendants are not innocent, they are knowing and deliberate trespassers. The only injury they will suffer by reason of plaintiff asserting

title will be the discontinuance of their unlawful trespass upon plaintiff's lands.

Apparently the court was moved by the fact that defendants had improved the lands by putting them under irrigation and cultivation. The evidence is that this was done prior to 1938 and any rights defendants acquired by reason thereof were effectively obliterated upon issuance of the treasurer's deeds. The evidence does not show that defendants improved the land in any manner after 1938.

"The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." 19 Am. Jur., page 642, section 42.

In *Lower Latham Ditch Co. v. The Louden Irrigating Canal Co.,* 27 Colo. 267, 60 Pac. 629, we said:

"We will not attempt to mention all the elements of estoppel as sought to be established in this case, it being sufficient for the purposes of this action to state that before the conduct of one party will create an estoppel in favor of another with respect to the title of the subject-matter of dispute between them, it must appear that the party against whom such estoppel is sought to be established was apprised of the true state of his own title; that by such conduct he intended to deceive or thereby was guilty of such negligence as to amount to a fraud; that the other was not only destitute of all knowl-

edge regarding the true state of his title, but of the means of acquiring such knowledge. There must be some degree of turpitude in the conduct of a party before a court of equity will estop him from the assertion of his title, when the effect of the estoppel is to forfeit his property, and transfer its enjoyment to another."

■ The defense of laches is not available in a quiet title action.

In *Fastenau v. Engel,* 125 Colo. 119, 240 P. (2d) 1173, we said:

"It is not claimed that any statute of limitations bars plaintiff's action. May defendant rely on laches and abandonment of the land by plaintiff's predecessors in title, and their failure to pay taxes as a defense to plaintiff's actions? Our opinion in *Calvat v. Juhan,* 119 Colo. 561, 206 P. (2d) 600, is a complete answer to this contention. In that case we said: 'It appears to be well established that courts will not invoke equitable defenses to destroy legal rights where statutes of limitations are applicable.' * * * "

To the extent that the judgment is in favor of the plaintiff it is affirmed. That part of the judgment and decree quieting title in defendants to a portion of the mining claims is erroneous. The judgment in favor of defendants is reversed and the cause remanded with directions to enter a decree quieting title in plaintiff to all of the mining claims involved.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HOLLAND and MR. JUSTICE FRANTZ concur.