No. 18,741.

BURNARD T. PULL, ET AL. *v.* MARGARET BARNES, ET AL.
(350 P. [2d] 828)

Decided March 28, 1960.   Rehearing denied April 18, 1960.

Mr. F. RICHARD HITE, Mr. JACK E. KENNEDY, for plaintiffs in error.

Messrs. HACKETHAL & McNEILL, for defendants in error.

*In Department.*

PER CURIUM.

THE parties appear here in the same order they appeared in the trial court, namely Burnard T. and Margaret H. Pull as plaintiffs, and Margaret Barnes and Mary E. Moffat as defendants. Other defendants below were voluntarily dismissed from the action.

The action was brought by the plaintiffs in September of 1956 in the district court of Jefferson County to determine the boundary line between properties owned by the plaintiffs and the defendants, for damages and other relief.

In June of 1953 the plaintiffs located a parcel of land about one acre in size in Jefferson County, upon which they desired to build a mountain home and began to search out the owners of it. Just west of the piece of land selected was a line of an old fence which had upon it "No Trespassing" signs. Plaintiffs proceeded to negotiate with and buy from the parties who, in good faith, asserted the title to the land now in question. It later was determined by a survey that the defendants Barnes and Moffat, who owned the land west of the fence line, actually owned most of the land east of the fence line which the plaintiffs believed they had purchased, and upon which they had constructed their cabin.

Prior to constructing their cabin the plaintiffs hired a licensed surveyor to stake out the corners of the cabin site, but did not ask him to survey the land itself to

determine the boundary lines between their property and that of the defendants'. Construction of the cabin upon the site, with a concrete slab floor and foundation, was begun in August 1953 and substantially completed by the fall of 1953.

During the construction the defendants several times were on the scene and acted as neighbors-about-to-be. The evidence clearly discloses that neither party knew or even suspected at the time of the construction of the cabin that it was being built upon land belonging to defendants.

After the cabin was completed the defendant Barnes negotiated with plaintiffs for a right-of-way through the land upon which the plaintiffs had built their cabin, and upon being refused hired a surveyor, and for the first time learned that the cabin which the plaintiffs had erected was solely upon her and the defendant Moffatt's land. Thereupon defendants erected a fence excluding the plaintiffs from the cabin and the land until a preliminary injunction was entered in this case some two years later.

Defendants now assert dominion over the cabin, contending that the plaintiffs had no rights therein, it having been built on defendants' land and as a result became a part of the land by operation of law.

Plaintiffs contend that the principles laid down by *Golden Press v. Rylands,* 124 Colo. 122, 235 P. (2d) 592, which permitted relief to a party who had encroached to a small extent on his neighbor's land, should apply. Plaintiffs further contend that the defendants are estopped by reason of their conduct from asserting title to the house.

On the other hand defendants urged that the facts in the present case do not bring it within the rule of *Golden Press,* supra, and further in the light of *Jacobs v. Perry,* 135 Colo. 550, 313 P. (2d) 1008, the doctrine of estoppel cannot apply here.

The trial court held that the boundary line of the

property was the line surveyed east of the old fence line, thereby placing the cabin entirely within the land owned by the defendants, and held that the doctrine announced in *Golden Press,* supra, did not apply and that *Jacobs,* supra, forbade the application of the doctrine of estoppel. Judgment was entered for the defendants. In the course of its findings the court said:

"We would be inclined to grant some relief with reference to this building if it were within our power to do so. However, the only suggestion that has been made to us would be relief under the principle as laid down in the case of *Golden Press v. Rylands,* 124 Colo. 122, and we believe that the principle of encroachment set forth in that case is not applicable."

The trial court was correct in determining that *Golden Press,* supra, presented a different fact situation than is presented here; however, it is clear from the trial court's finding that it was searching for an equitable remedy which it could apply and which would prevent the harshness of the ruling.

■■ As an abstract principle of law it is true that the moment a house is built upon land, it belongs to the owner of the land by mere operation of law and he may possess and enjoy it as his own. But this is merely stating the technical rule of law by which the owner seeks to hold what, in a just sense, he never had the slightest title to; that is, the house if it were not atached to the realty. It is not answering the objection by merely and dryly stating that the law so holds; for admitting this to be so, in law, such a situation furnishes a strong ground why equity should and does interpose and grant relief in proper cases.

■ Here the powers of the trial court were invoked to settle a boundary dispute and the problems arising from the situation in which the plaintiffs and the defendants found themselves without bad faith on the part of any of the parties. The matter having been presented

to the court, it was the court's duty to grant the relief in equity which the situation demanded.

■ We think the applicable rule is stated in *Johnson v. Dunkel* (1955), 132 Colo. 383, 288 P. (2d) 343, and is peculiarly applicable to the situation before us. In that case the adjoining owner who had in good faith erected improvements on adjoining land, believing it to be his own, was granted the right to remove same if feasible and if not, then was given an equitable lien on the property for the value thereof.

The judgment is accordingly reversed with directions to the trial court to hold a further hearing to determine whether it would be practical and feasible for Pull to remove the improvements from the land in question, and if so to specify the conditions under which it shall be done. If removal of the cabin is not feasible, then the value thereof should be determined and the land subjected to a lien in favor of plaintiffs in an amount equal to the value so determined.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE MOORE and MR. JUSTICE KNAUSS concur.