Margaret **HILDEBRAND,**
Plaintiff-Appellee,

v.

Vern **OLINGER** and Sunny Dee
Olinger, Defendants-Appellants.

No. 82CA1174.

Colorado Court of Appeals,
Div. I.

May 10, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Oct. 9, 1984.

Hellerstein, Hellerstein & Shore, P.C., Martin H. Shore, Lyle L. Boll, Denver, for plaintiff-appellee.

Jerald G. Kriss, Littleton, for defendants-appellants.

BABCOCK, Judge.

This case began as a quiet title action. It was ultimately presented to the court for determination and establishment of the boundary in dispute between plaintiff, Margaret Hildebrand, and defendants, Vern and Sunny Dee Olinger, adjoining property owners, pursuant to §§ 38–44–101, et seq., C.R.S. (1982 Repl.Vol.16A). Defendants appeal the trial court's determination and establishment of the boundary. We affirm.

In September 1980, the trial court appointed a registered surveyor as commissioner pursuant to § 38–44–104, C.R.S. (1982 Repl.Vol.16A), to prepare a survey report and map to aid the court in determining the disputed boundary. On July 29, 1981, the commissioner filed his report with the clerk of the court. On July 31, 1982, he filed his survey map. No exceptions were filed by either plaintiff or defendants pursuant to § 38–44–108, C.R.S. (1982 Repl. Vol.16A). On August 21, 1981, pursuant to § 38–44–109, C.R.S. (1982 Repl.Vol.16A), plaintiff moved the trial court to determine and establish the disputed boundary based upon the commissioner's report and map.

The commissioner determined the location of all boundaries except the location of the west boundary line of defendants' property (the east boundary line of plaintiff's property). He determined that the description contained in plaintiff's deed and the description contained in defendants' deed with respect to this boundary could not be reconciled.

Thus, the trial court was faced with the task of determining and establishing this boundary within a 12.3′ wide strip of land between the properties in question. The trial court found that there was no adverse possession claim to the disputed strip or any evidence of fence lines or monuments to guide it in the placement of that boundary. The trial court concluded that "in the interest of justice and guided by the principles of equity and fairness," the strip of land should be divided equally between the parties.

## I.

Defendants first contend that the trial court erred in accepting a measured distance in preference to a conflicting water course monument. We disagree.

The definition of the southern terminus of the line in question was 624.5′ in length "to a point on the south line of Deer Creek." The commissioner determined that to accommodate the phrase, "to a point on the south line of Deer Creek," would cause the length of the line in question to be extended 156′ beyond the 624.5′ distance in order for it to intersect the south line of Deer Creek. The commissioner chose to disregard the terms "south line of Deer Creek" because "[t]he magnitude of this disparity does not appear to be within reasonable tolerance of the 624.5′ distance."

Section 38-44-108, C.R.S. (1982 Repl.Vol. 16A), provides in pertinent part that:

"[A]ny party interested may file exceptions thereto within ten days from the date the report is filed with the clerk ... and the court shall hear and determine them, hearing evidence in addition to that reported by the commission if necessary, and may approve or modify such report or again refer the matter to the same or another commission for further report."

■ Here, defendants failed to file exceptions within the ten day statutory period and, indeed, filed no exceptions at all. Thus, we conclude that the defendants waived their right to take exception to the commissioner's determination of the southern terminus of the line in question.

■ Moreover, the survey was conducted in accordance with the procedure set forth in "Manual of Surveying Instructions 1973" issued by the Bureau of Land Management of the United States Department of Interior. In accordance with § 38-44-108, C.R.S. (1982 Repl.Vol.16A), the trial court has discretion either to accept, reject, or modify the survey set forth in the commissioner's report. *See Smith v. Dorsey*, 29 Colo.App. 369, 483 P.2d 1359 (1971). In view of the magnitude of the discrepancy as opined by the commissioner, we cannot say that the trial court erred as a matter of law in accepting his report and determination in this regard.

## II.

Defendants further assert that the trial court erred in determining and establishing the disputed boundary upon equitable principles. We disagree.

■ It is proper for the trial court to resolve discrepancies in legal descriptions. *See Smith v. Dorsey, supra.* And, where the powers of the trial court are invoked to settle a boundary dispute, the court is not precluded from fulfilling its duty by the application of equitable principles. *See Pull v. Barnes*, 142 Colo. 272, 350 P.2d 828 (1960). Resolution of equitable issues rests in the sound discretion of the trial court. *Simpson v. Milne*, 677 P.2d 365 (Colo.App. 1983); *Ulander v. Allen*, 37 Colo.App. 279, 544 P.2d 1001 (1976). Under the facts presented here, we find no abuse of discretion.

The defendants' remaining contentions of error are without merit.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.