Dwight Lee MOORING and Kristie Lou
Mooring, Plaintiffs-Appellants,

v.

Andrew Jennings BROWN, Jr. and Cali-
fornia First Bank, as Co-Trustees Un-
der the Will of Ione Gilfillan Brown,
Defendants-Appellees.

No. 83–1315.

United States Court of Appeals,
Tenth Circuit.

May 28, 1985.

Peter C. Dietze of Dietze, Davis & Por-
ter, Boulder, Colo. (Allan C. Beezley, Boul-
der, Colo., with him on brief), for plaintiffs-
appellants.

Anne J. Castle of Holland & Hart, Den-
ver, Colo. (Jack L. Smith, Denver, Colo.,
with her on brief), for defendants-appel-
lees.

Before HOLLOWAY, Chief Judge, SEY-
MOUR, Circuit Judge, and O'CONNOR,
District Judge *.

EARL E. O'CONNOR, District Judge.

■ This is an appeal from a final order
denying plaintiffs declaratory and injunc-
tive relief from the effect of defendants'
prior judgment lien against real estate that
included plaintiffs' residence built after the
judgment lien was recorded. On stipulated
facts, the district court found that the judg-
ment lien was superior in right to plain-
tiffs' interests in the property. We affirm.

In June 1981 defendants obtained a judg-
ment against Charles T. Cook, a/k/a C.T.
Cook, and Jacqueline M. Cook in the
amount of $386,344.11 (hereafter called the
Brown Trust judgment). The transcript of
judgment was recorded in Jefferson Coun-

---

* Chief Judge of the United States District Court    for the District of Kansas, sitting by designation.

ty, Colorado, on June 29, 1981. Pursuant to Colo.Rev.Stat. § 13–52–102 (1973), the judgment became a lien upon all real property owned by Charles T. Cook in Jefferson County, Colorado, and any property he thereafter acquired during the following six years. Subsequent to the filing of the judgment transcript, defendants learned that Cook was the record owner of the vacant residential lot now involved in this lawsuit. Actually, on April 5, 1978, Cook had entered into an installment land contract with Robert L. Simpson, Jr., and Patricia M. Simpson for the sale of the lot in question. The contract was never recorded. On November 2, 1981, a warranty deed conveying the property from Cook to the Simpsons was duly filed of record.

Within a few days, the Simpsons began construction of a residence on the property. A construction loan was obtained and secured by a deed of trust encumbering the property. The Simpsons later sold the property to the plaintiffs, and a warranty deed conveying the same was recorded March 4, 1982. Although a title search was conducted and title insurance was obtained for the benefit of plaintiffs, the search failed to reveal the existence of the Brown Trust judgment lien. The plaintiffs obtained a purchase money loan secured by a deed of trust in order to purchase the property from the Simpsons. A portion of the loan proceeds was used to pay off the construction loan.

In April 1982 the defendants commenced proceedings to levy and execute against the property in partial satisfaction of their judgment lien. In an attempt to stop the execution sale, scheduled for December 28, 1982, plaintiffs filed the instant action. By agreement of the parties, the sale was postponed pending resolution of the matter by the district court.

Plaintiffs concede that defendants are entitled to a first lien on the vacant lot and have tendered $20,000 (the amount they allege the vacant land was worth) to the defendants. Plaintiffs' point on appeal, however, as well as in the court below, is that they are entitled to an equitable lien on the house built by the Simpsons on the vacant lot. As indicated above, we agree with the trial court that the judgment lien of the Brown Trust is superior to any rights of the Simpsons or their successors in interest.

Under Colorado law a judgment lien creditor whose lien has been recorded possesses rights identical to those of a bona fide purchaser for value. *Sky Harbor, Inc. v. Jenner,* 164 Colo. 470, 474, 435 P.2d 894, 896 (1968); *Wedman v. Carpenter,* 65 Colo. 63, 173 P. 57 (1918). The judgment creditor's lien attaches not only to the actual interest of the judgment debtor, but to the judgment debtor's apparent interest, as shown by recorded documents. *Sky Harbor, Inc. v. Jenner,* 164 Colo. at 474, 435 P.2d at 896. The law is well settled that "if before the recording of the deed the judgment creditor, without notice of the conveyance, files a transcript of the judgment, the lien of his judgment is superior to the rights of the grantee in the deed." *Fleming v. McFerson,* 94 Colo. 1, 4, 28 P.2d 1013, 1014 (1933); *see also Sky Harbor, Inc. v. Jenner, supra; Wedman v. Carpenter, supra; Donahue v. Kohler-McLister Paint Co.,* 81 Colo. 244, 246, 254 P. 989, 990 (1927); *Western Chemical Manufacturing Co. v. McCaffrey,* 47 Colo. 397, 107 P. 1081 (1910).

The parties agree that defendants had no notice of the installment land contract between Cook and the Simpsons. In fact, plaintiffs concede that the judgment lien is superior to any equitable interest arising from the unrecorded contract. Despite these concessions, plaintiffs contest the judgment lien extending to the improvements on the property.

Plaintiffs seek to sustain their position by invoking the good faith improper doctrine, which has been recognized as an exception to the common law rule that a person who mistakenly constructs improvements on the land of another is not entitled to compensation for those improvements. *See, e.g., Pull v. Barnes,* 142 Colo. 272, 350 P.2d 828 (1960); *Jensen v. Probert,* 174 Or. 143, 148 P.2d 248 (1944); Restatement of

Restitution § 42(1) (1937). The doctrine, as interpreted by plaintiffs, requires that when the mistake of the improver is reasonable, the true owner must compensate him in some manner for the value of the improvements.

Plaintiffs rely heavily on *Searl v. School District No. 2*, 133 U.S. 553, 10 S.Ct. 374, 33 L.Ed. 740 (1890). There, the school district desired to purchase a parcel of real estate on which to build a schoolhouse. Two persons claimed title to the land. The person in possession claimed through a "squatter's title"; the other claimed title through a placer patent. After seeking and obtaining the advice of counsel, the school district purchased the land from the person in possession through the "squatter's title" and built a schoolhouse on the property. When, after litigation, the patent title was determined to be paramount, the school district condemned the property. The patent holder claimed compensation for the value of the schoolhouse as well as the vacant land. The Supreme Court held that the patent holder was entitled only to the value of the vacant land, because the school district had the status of a good faith improver of the property.

 In our view, *Searl* is distinguishable from the instant case. The school district, acting in good faith, had an honest and justifiable belief that its title was superior to what appeared to be an inferior adverse claim. Here, plaintiffs' predecessors in title were charged with knowledge of an unquestioned superior claim. Under Colorado law, record notice of a judgment lien constitutes constructive notice, and is tantamount to actual notice. *Appelman v. Gara*, 22 Colo. 397, 45 P. 366 (1896). Other jurisdictions have held that an improver of property with constructive notice of a superior claim does not have the requisite "good faith" to qualify as a good faith improver. *See Miller v. Gasaway*, 514 S.W.2d 90 (Tex. Civ.App.1974); *Kelly v. Bank of Mount Hope*, 117 W.Va. 260, 185 S.E. 215 (1936); *Fulkerson v. Taylor*, 102 Va. 314, 46 S.E. 309 (1904); *Nixdorf v. Blount*, 111 Va. 127, 68 S.E. 258 (1910).

Similarly, *Pull v. Barnes*, 142 Colo. 272, 350 P.2d 828 (1960), is not helpful to plaintiffs. In that case, two parties claimed title to a parcel of land upon which one had constructed improvements. The conflicting claims resulted from a boundary dispute that could only be resolved through a field survey. The good faith mistake in *Pull* resulted not from what was an obviously superior claim shown by the public record, as in this case, but from a misunderstanding as to the location of a boundary line. Under all the facts we conclude that plaintiffs' reliance on the good faith improver doctrine is misplaced.

The judgment of the district court is AFFIRMED.