## HALL v. BOATWRIGHT.

1. NONSUIT.—UNDER BETTERMENT ACT, plaintiff, to avoid nonsuit, must prove value of land, with improvements and without.

2. BETTERMENT ACT.—A COTENANT cannot recover under betterment act for improvements placed by him on common property. *Ream* v. *Spann,* 28 S. C., 533; *Carrigan* v. *Evans,* 31 S. C., 266; *Sumner* v. *Harrison,* 54 S. C., 359, *distinguished from this.*

Before GAGE, J., Aiken, February, 1900.    Affirmed.

Action for betterment by W. W. Hall against Daniel Boatwright *et al.*    From order of nonsuit, plaintiff appeals.

*Messrs. Sawyer & Owens* and *G. W. Croft & Son,* for appellants, cite: *In action for partition, where title is denied, it will not be decreed until title be settled by suit at law:* 1 Speer Eq., 20; 1 S. C., 415; 5 Rich. Eq., 327; 28 S. C., 533; 10 Rich. Eq., 428; 23 S. C., 392; 31 S. C., 266; 36 S. C., 561; 54 S. C., 359.    *And party so deprived of title may sue under betterment act:* 28 S. C., 562; 21 S. C., 475.    *Betterment act is distinct from equity rule, which only permitted betterments to be set off against rents, &c.:* 28 S. C., 562; 26 S. C., 40.    *Doubtful statute should be construed so as to avoid inconvenience and injustice:* 28 S. C., 526.

*Messrs. Hendersons,* contra, cite: *Statutory remedies must be strictly pursued:* 15 S. C., 552; 56 S. C., 76; *and our Courts strictly construe the betterment act:* 21 S. C., 313; 39 S. C., 145; 27 S. C., 197.    *Plaintiff has not brought herself strictly within this statute:* 28 S. C., 562; 26 S. C., 179; 23 S. C., 33.    *Tenant out of possession has right to have improvements by tenant in possession set off against rents, &c.:* 26 S. C., 40; Cheves, 223; 15 S. C., 332; 24 S. C., 255; 18 S. C., 604; 17 S. C., 389; 4 Rich. Eq., 495; 21 S. C., 590. *Cases under betterment have been where suit was for lands and tenements:* 22 S. C., 392; 42 S. C., 275; 45 S. C., 283; 52 S. C., 218.

September 13, 1900.    The opinion of the Court was delivered by

MR. JUSTICE JONES    This is an action under the betterment act, and the appeal is from an order of nonsuit.    The documentary evidence introduced showed that Erwin J. Boatwright died intestate, seized of a tract of land in Aiken County, leaving as his only heirs at law his widow, Olivia Boatwright, and the defendants, his children.    That after

35—58

the death of Boatwright, this land was assigned to said widow and children as a homestead. That said land, assessed in the name of Olivia Boatwright, was sold for taxes, and the plaintiff became purchaser, took sheriff's title, dated October 7, 1895, and immediately entered into possession of the land, enjoying the rents and profits. In May, 1889, the defendants brought action for partition of said land against Hall, alleging substantially the foregoing facts, and also that Hall had acquired by purchase at a tax sale the one-third interest of Olivia Boatwright in said land. Hall, in his answer to said suit, did not deny any of the facts alleged in the complaint. He contented himself with denying "that the plaintiffs have title to the land described or any part thereof, or that they are entitled to the relief demanded;" alleging also that "he has legal title to the premises;" and as a third defense alleging that he had purchased said land at a tax sale more than two years before the commencement of the action. As if this raised an issue of title paramount, the matter was submitted to a jury, which rendered a verdict in favor of plaintiffs "for a two-thirds undivided interest in the land in dispute." Thereupon a decree was rendered for a sale of the land for partition, allotting to said Hall one-third of the proceeds. Within forty-eight hours after such judgment, plaintiff brought this action for betterments. In addition to the foregoing, it appears in the original "Case" that plaintiff introduced oral testimony "tending to show that improvements of some considerable value had been put by him on the land described in the complaint." At the hearing the "Case" was amended by consent, so as to state that the plaintiff also introduced testimony that at the time of the purchase he believed his title good in fee.

The reasons given for the nonsuit by the Circuit Court may be briefly stated thus: that the betterment act contemplated a recovery of the land *in toto* and not a mere interest therein; that the object of the act was to supply a remedy for one who was ejected in a suit at law, and that a cotenant

who makes improvements has a complete remedy in equity. We think there was no error in granting the nonsuit.

By his first exception, appellant imputes error in holding that he could not recover the value of his improvements placed upon the land in a separate action. Under the betterment act, it is incumbent on the plaintiff to show, not merely the value of his improvements, but he must present evidence from which the jury could find a special verdict, stating the value of the land without the improvements, and the value of the land with the improvements, the value of the improvements being the sum which the land should be found at the rendition of the judgment to be worth more in consequence of the improvements than it would have been worth had no improvements been made. Evidence merely tending to show that improvements of some considerable value had been put on the land would not warrant sending the case to the jury. On this ground the nonsuit is sustainable, although it was not placed upon such ground.

But further, the betterment act was not intended to furnish a remedy for a tenant in common who made improvements on the common property. By common law, the owner of the fee is the owner of all the structures and improvements on the land; therefore, one making improvements upon the land of another, would lose his improvements on recovery of the land from him by the true owner, and he was without remedy. The betterment act was intended to relieve this condition and give a remedy. As stated by Mr. Justice Gary, in *Tumbleston* v. *Rump,* 43 S. C., 379: "The statutes in regard to betterments were * * * for the purpose of softening the asperities of the law and affording relief where none otherwise existed." And Judge Cooley, in Con. Lim., 5 ed., 480, says: "Betterment laws recognize the existence of an equitable right, and give a remedy for its enforcement where none existed before." At the time of the enactment of this statute in 1870, there was and there is now ample remedy for a cotenant; who

believing himself sole owner, has made improvements on the common property, and there was no necessity to pass such a statute in his behalf. The cases of *Williman* v. *Holmes,* 4 Rich. Eq., 476; *Scaife* v. *Thompson,* 15 S. C., 337; *Buck* v. *Martin,* 21 S. C., 591; *Johnson* v. *Pelot,* 24 S. C., 264, and other cases that might be cited, show that the Court of Equity can and will give relief to a cotenant who, under the belief that he has exclusive title in fee, makes improvements on the property, either by allotting to him on partition the portion of the premises improved by him, or in case of a sale by allotting him the increased purchase price by reason of such improvements. If the betterment act was to give a remedy where none existed, it could not have been intended to give a cumulative remedy to a cotenant. He does not improve another's land, he improves his own land—that is to say, land in every inch of which he has an individual interest. Even if the improved portion is not allotted to him, and if no provision for compensation is made in case of a sale, still he secures in the division of the purchase price a portion of the value imparted by his improvements. The case of *McGhee* v. *Hall,* 28 S. C., 562, appears to be in point. In that case it was held that where a cotenant, supposing himself to be the exclusive owner, has added to the value of the common property by improvements, and is liable for rents and profit thereof, his account for rents should be credited with the increased value imparted by the improvements, and that the remedy under the betterment act was not applicable. There is another reason why the said act does not apply in this case. The statute provides : "After final judgment in favor of the plaintiff *in an action to recover lands and tenements,* if the defendant * * * purchased the lands and tenements recovered in such action * * * supposing at the time of such purchase such title to be good in fee * * * the defendant shall be entitled to recover of the plaintiff in such action, &c." Whether lands were recovered of the plaintiff herein, in an action of ejectment, must be determined by the complaint in the case.

In the case of *Elmore* v. *Davis,* 49 S. C., 2, this Court, construing sec. 98, Code, sub. 2, providing that "the plaintiff in all actions for the recovery of real property, &c., is hereby limited to two actions, &c.," held that an action for partition in which the issue of the title was raised in the answer, was not an action to recover real estate in the sense of that statute, and in determining the question the Court was controlled by the allegations in the complaint. So in the proceedings in question, if we are to be controlled by the allegations of the complaint, the case of the Boatwrights against Hall was not an action to recover real estate, but was a case for partition strictly. If we could be justified in resorting to the answer to determine whether an action strictly and solely for partition was converted into an action in ejectment also, there is nothing in the answer to show title paramount in defense to the right of partition, since all the facts upon which the right to partition rested stood admitted by the pleadings. Appellant, in support of his contention that said partition proceedings was an action to recover land, and so within the betterment act, cites the following language in *Ream* v. *Spann,* 28 S. C., 533 : "It seems to us that the case embraced two causes of action—one purely *legal* for the *recovery of the land* from the Reams, and the other equitable, for partition after the land was recovered. The legal title should have, therefore, been first tried by a jury; and if that resulted in favor of the plaintiff, then and not till then could the Court decree partition—as in *Adicks* v. *Lowry,* 12 S. C., 97. In the trial of the legal issue, *the action being for the recovery of specific real property,* the question of title should have been submitted to a jury upon the issues made by the pleadings. * * * So far as the McReas are concerned, *this is simply an action for the recovery of a tract of land.*" But it must be noted that the McReas were not made defendants as cotenants, but as strangers in possession, claiming adversely. The allegations of the complaint were such that the Court was induced to say : "This was an action to recover real estate, and incidentally thereto to partition

the same." Under such circumstances, the Court might be justified in saying that the action was to recover real estate, so far as those parties were concerned, who were not cotenants with plaintiffs, but were in possession claiming by an independant and paramount title. The language above quoted from *Ream* v. *Spann,* was quoted with approval in subsequent cases, as in *Carrigan* v. *Evans,* 31 S. C., 266, and in *Sumner* v. *Harrison,* 54 S. C., 359; but in these cases, as in *Ream* v. *Spann,* the complaint tendered an issue of title as to those defendants who were not concerned with the plaintiffs as cotenants, but were strangers in possession, and alleged in the complaint to claim some interest therein. In the action in question, the complaint showed that the defendant therein was a tenant in common with the plaintiffs in the premises sought to be partitioned, and did not allege any ouster. *Elmore* v. *Davis,* 49 S. C., 2. The decisions also show that when it is sought to carry this supposed theory that an issue of title raised in the answer in a strict action for partition, makes two independant causes of action, one in law for the recovery of real estate and the other in equity for partition, to its logical consequences, the theory is repudiated. For example, a nonsuit of the legal issue of title raised in an equitable action will not be permitted. *Woolfolk* v. *Graniteville Co.,* 22 S. C., 332; *McClenaghan* v. *McEachern,* 47 S. C., 451; and the prevailing party in the issue of title does not, as a matter of right, become entitled to the costs, as in a legal action in ejectment. *McCarter* v. *Caldwell,* 58 S. C., 65. Our conclusion is that no recovery of land in an action of ejectment has been had against the plaintiff, and, therefore, he is not within the betterment act.

The judgment of the Circuit Court is affirmed.