## 9231

### TURNER *ET AL.* v. POOLE *ET AL.*

#### (86 S. E. 956.)

PARTITION. BETTERMENTS. ISSUES. APPEAL AND ERROR.

1. PARTITION—BETTERMENTS—STATUTE—RELIEF.—The statutory provisions as to betterments are not applicable to an action for partition, but relief in such action may be granted by the Court in the exercise of its general chancery powers, if the facts show that the party making the improvements was laboring under the *bona fide* belief that he was the sole owner of the land.

2. APPEAL AND ERROR—REVIEW—EVIDENCE.—The Supreme Court has the right to review the testimony in an action for partition relating to betterments.

Before MEMMINGER, J., Anderson, October, 1914. Affirmed.

Action by S. A. Turner and others, for recovery of possession of land, or for partition, against John Poole and others. Decree for plaintiffs, and defendant, Emily C. Pearson, appeals.

*Messrs. J. Robert Martin* and *John C. Henry,* for appellant.

*Mr. H. P. Burbage,* for respondent, cites: *As to claim for betterments:* 58 S. C. 544, 547; 15 S. C. 552; 39 S. C. 145; 21 S. C. 313; 27 S. C. 197; 28 S. C. 562; 26 S. C. 179. *Decision of trial Court not reviewable on appeal:* 51 S. C. 560; 72 S. C. 287; 78 S. C. 458; 72 S. C. 270; 58 S. C. 1; 58 S. C. 448.

*Mr. Oscar Hodges,* also for respondent, cites: *Findings of fact not reviewable on appeal:* 44 S. C. 364; 72 S. C. 270; 78 S. C. 450; 51 S. C. 560; 72 S. C. 287; 95 S. C. 245.

FOOTNOTE.—As to allowance in partition proceedings for improvements made by cotenant to the common property, see notes in 7 L. R. A. 731, 8 L. R. A. 289, 29 L. R. A. 449.

30—102

*Declarations against interest admissible in evidence:* 28 S.
C. 361; 49 S. C. 169; 55 S. C. 346. *Hearsay:* 48 S. C.
472. *Betterments:* 54 S. C. 105; 58 S. C. 547.

November 13, 1915.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an action to recover possession of the land
described in the complaint, from the defendant, Emily C.
Pearson, and for partition of the same among the tenants in
common, if it should be decided that the said defendant was
not the sole owner thereof.

The facts are thus stated by the referee in his report:

"That Mrs. S. M. Turner was the owner in fee of a tract
of land situate in Anderson county, and described in para-
graph 5 of the complaint. That on or about May 9, 1893,
Mrs. S. M. Turner and her husband, W. P. Turner, went
to the residence of John P. Moon, a magistrate for Green-
ville county, and Mrs. Turner conveyed unto her husband,
W. P. Turner, the above mentioned tract of land, retaining
to herself a life estate. That W. P. Turner died on June
20, 1897, leaving as his heirs the persons named in paragraph
1 of the complaint. That on March 10, 1898, Mrs. E. C.
Allen, named in this action as Mrs. E. C. Pearson, signed a
paper termed an obligation, the condition of which was that
the said Mrs. E. C. Allen was to support Mrs. S. M. Turner
for her life, for an alleged conveyance by the said Mrs. S.
M. Turner of the same tract of land conveyed on May 9,
1893, to W. P. Turner. That on January 2, 1902, the said
Mrs. S. M. Turner conveyed to the said Mrs. E. C. Allen,
now Mrs. Pearson, the seventy (70) acres of land that she
had previously conveyed to W. P. Turner, and that it was
the same land mentioned in the paper termed an obligation.
That on or about the 8th day of July, 1911, Mrs. S. M.
Turner died, leaving in possession of the said land the said
Mrs. Emily C. Pearson, and this action is brought by the

heirs of W. P. Turner for the recovery of the said land under the conveyance of Mrs. S. M. Turner to W. P. Turner. The defendant, Mrs. Emily C. Pearson, in her answer claims that if there ever was a deed from Mrs. S. M. Turner to W. P. Turner, as alleged by the plaintiffs, that the same was secured by fraud, misrepresentation, and coercion."

The referee found as matter of fact, that the allegations of fraud were not sustained, and, therefore, that the deed made by Mrs. S. M. Turner, in favor of the defendant, Mrs. E. C. Allen, now Mrs. Pearson, on the 2d of January, 1902, only conveyed the one-third of the land which Mrs. Turner inherited from her husband.

The referee thus concludes his report:

"As a matter of equity, I think that Mrs. Pearson should be given credit for the value of the improvements placed upon the said land. I find that the value of the improvements was six hundred ($600) dollars. I also find that the defendant, Mrs. Emily C. Pearson, is to account for the rents of the year 1911 from July, the time of the life tenant's death, and also for what time of 1912 that she may be in possession of it, at the rate of one hundred and fifty ($150) dollars per annum. She is to account for two-thirds of the rent for that time, she being the owner of one-third of the premises. Mrs. Pearson being the owner in fee of one-third interest in the land would only be entitled to two-thirds of the amount of her improvements, from which should be deducted from two-thirds of the rent, to be accounted for by her for the part of the year of 1911 and for the year 1912."

On appeal to the Circuit Court the report was confirmed in all particulars, except as to betterments. All issues were referred to the referee, whose finding as to the title to the land involved a legal issue, which is not reviewable by this Court. The statutory remedy providing for betterments is not applicable to an action for partition. *Hall* v. *Boatwright,* 58 S. C. 544, 36 S. E. 1001, 79 Am. St. Rep. 864.

But relief in such cases may be granted by the Court in the exercise of its general chancery powers, if the facts show that the party making the improvements was labor- ing under the *bona fide* belief that he or she was 1, 2   sole owner of the land.   This Court has the right to review the testimony in such cases.   It has not, how- ever, been made to appear to our satisfaction that the finding of ·the Circuit Court is against the preponderance of the evidence.

Affirmed.

MESSRS. JUSTICES WATTS, FRASER and GAGE, concur in the opinion of the CHIEF JUSTICE.

MR. JUSTICE HYDRICK, *dissenting.*   I think this was a suit in equity, and, therefore, this Court can review the find- ings of the Circuit Court upon the issue of title; but I concur in those findings.   I think, however, that the referee was right in his findings and conclusion as to Mrs. Pearson's right to compensation for improvements made by her, and the decree should be modified accordingly.