W. Rucker TOALSON and F. E. Toalson, Appellants,

v.

Arch MADISON, Respondent.

No. 22511.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

Harry T. Limerick, Jr., William H. Becker, Columbia, Clark & Becker, Columbia, of counsel, for appellants.

Ralph L. Alexander, Edgar G. Wayland, Columbia, Alexander, Welliver & Wayland, Columbia, of counsel, for respondent.

SPERRY, Commissioner.

Plaintiffs Toalson, husband and wife, sued defendant Madison in equity for the reasonable value of betterments to a house owned by defendant, made by plaintiffs through mistake of ownership. Judgment was for defendant and plaintiffs appeal.

Mr. Toalson's testimony was to the effect that one Houston was the owner of Lots 17 and 18 in Woodland Addition to Columbia, Missouri; that Houston conveyed Lot 18 to defendant and, thereafter, conveyed Lot 17 to plaintiffs; that when Houston sold Lot 17 to plaintiffs he showed them the house and lot located at 221 Worley Street which, in fact, is Lot 18, and that he represented to them that it was Lot 17; that Houston walked around the house on Lot 18 and showed it; that, in fact, said Lot 18 had previously been sold to defendant; that plaintiffs notified the tenants of Lot 18 to vacate; that they moved out; that, beginning in January, 1955, plaintiffs made extensive improvements to the house thereon, including the construction of a room, bath and plumbing, installing gas, papering, painting, lights, and preparing the roof and flooring; that the total cost of said improvements was some $900; that, while improving the property, he saw defendant on the property but did not know who he was; that, after the improvements were completed, plaintiffs rented the property, from May 1, until August, for $30 per month; that, late in August, defendant's son or grandson came to the store and told plaintiffs that defendant owned the property; that thereafter plaintiffs made no further improvements and collected no further rents, and voluntarily surrendered possession to defendant. After learning of his mistake Mr. Toalson visited defendant to seek a settlement and defendant told him he did not care how much had been spent on the house, that "there is nothing I can do for you."

Mr. Menges testified to having worked for plaintiffs in improving the property; that he was paid $206 for his services.

Mr. Palmer, for plaintiffs, stated that he worked on the property and was paid $107 for services.

Mr. Logan stated that he dug up and moved an outside toilet from the front to the back yard; that defendant came onto the property and witness told him that Mr. Toalson was moving the stool into the house; that defendant merely grunted and walked away; that, while he was digging footings for the foundation, defendant again came over and asked what he was doing; that he was told that Mr. Toalson was going to build a new room on the house and that defendant "turned and walked off."

Mr. Coose testified to the effect that he saw defendant and Mr. Toalson talking, on the property, the day tile was unloaded for construction of the new room; that defendant told witness that Toalson "was making a nice place out of it"; that he saw Toalson and defendant sitting together on the property a number of times while the work was going forward.

Mr. Limerick stated that defendant told him that he had seen the improvements being built but didn't tell plaintiffs to stop, that he didn't care how much money was spent on his property.

Defendant did not testify, but he offered the testimony of the city building inspector, to the effect that plaintiffs were issued a building permit for improvements on the property, estimated to cost $300.

Defendant contends here, as he did below, that since plaintiffs voluntarily surrendered possession, no suit having been filed therefor, they cannot maintain this action. The provisions of Section 524.160 RSMo 1949, V.A.M.S., known as the betterments statute, is the section upon which defendant relies. It provides as follows:

> "If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises * * * in favor of a person having a better title thereto, *against a person in the possession * * ** such person may recover * * * compensation for all improvements made by him in good faith on such lands * * prior to his having had notice of such adverse title." (Italics supplied.)

Plaintiffs say, however, that this is not an action growing out of the statute, but is an independent action in equity, instituted by him having learned of his mistake in ownership and having voluntarily surrendered possession.

Chapter 524 RSMo 1949, V.A.M.S. consisting of Sections 524.010 to and including Section 524.290, sets up a complete code of procedure to be followed in cases in ejectment. If defendant had sued and recovered possession from plaintiffs, in ejectment, there is no doubt but that plaintiffs herein could have recovered under the betterment statute. However, that proposition is not involved and needs no discussion.

The question here is whether plaintiffs, under the conditions shown in this record, may maintain this action in equity, independent of the statute, for improvements.

■ American Law holds it to be inequitable, regardless of fraud, to allow another to be enriched by expenditures made on land by one who supposed himself, in good faith, to be the owner. Schleicher v. Schleicher, 120 Conn. 528, 182 A. 162, 164, 104 A.L.R. 572. See 4 Pomeroy's Equity Jurisprudence, par. 1241. Hardy v. Burroughs, 251 Mich. 578, 232 N.W. 200, 201, holds it to be inequitable for one to profit by another's innocent mistake; that the fact that the owner needs no relief (as when he is in possession) and seeks none, ought not to bar plaintiff's right in equity. The author of that opinion quotes from 53 L.R.A. 339, to the effect that a state of facts which will furnish a perfect defense in equity ought to constitute a cause of action in a suit in equity; that accident should not determine the assertion of an equitable right. The last mentioned authority is cited with approval in 18 University of Kansas City Law Review, pages 203, 206, and the author says:

> "Until such time as the Missouri legislature sees fit to revise the present law on this subject, perhaps the courts of equity in Missouri will give their aid to claimants in bringing affirmative suits, if the circumstances are such that it would be equitable to do so."

■ In 104 A.L.R. 588, note (b) it is said that certain cases, including Valle v. Fleming, 29 Mo. 152, McLean v. Martin, 45 Mo. 393, and Calloway Bank v. Ellis, 215 Mo.App. 72, 238 S.W. 844, support the general doctrine that *even in the absence of fraud, acquiescence with knowledge, or other inequitable conduct* on the part of the owner of land one who, mistakenly believing himself to be the owner, in good faith makes improvements on premises, may as plaintiff, recover therefor, by way of lien or otherwise, when the circumstances render such relief just and equitable; that that rule is "so asserted"

in the case of Calloway Bank v. Ellis, supra. At page 607, the same authority stated that if, in the absence of statute one may so recover, it must follow that the right to such relief is not destroyed by the existence of a betterment statute *which applies to other cases,* unless the language of the statute preclude such a result. And the author of the Kansas City University Law Review Article, supra, also says: "Whether the claimant could enforce his claim by a suit in equity would seem to turn upon the question of whether the statute intended to preclude suits not within its terms." We hold that the Missouri betterments statute does not, by direct language or by implication, preclude suits not within its terms.

No decision contrary to our holding regarding the statute has been cited by the parties, or found by us. In McLean v. Martin, supra, plaintiff purchased land at sheriff's sale on a judgment, believing it to be defendant's land. Defendant also believed the land sold to be his and surrendered possession of his land to plaintiff. The purchase price was $850, and plaintiff made improvements to the value of $1,000. Later, it was learned that the land actually sold and conveyed was not the land of defendant, but that plaintiff had taken possession of and had improved the land actually owned by defendant. It was alleged that defendant had, in some manner, repossessed his land. Plaintiff sought judgment for $1,850. The trial court sustained a demurrer and the Supreme Court reversed and remanded for a new trial.

In Calloway Bank v. Ellis, supra, plaintiff purchased bonds from a school district. With the proceeds of the bonds a building was erected on land conveyed to the district by defendants. Thereafter, it was judicially determined that the district was illegally organized, that defendants' deed to the district was void, and that defendants never parted with title to the land upon which the improvements were made. The Springfield Court of Appeals decided the case on the principle that "equi-ty seeks to prevent the unearned enrichment of one at the expense of another," and decreed a lien on the building erected on the land, in the amount due plaintiff; ordered that the building be sold and, after payment to defendants of such damages as had been sustained to the land, ordered the balance paid to plaintiff.

■ It is perfectly apparent that neither of the above cases could have been maintained under the betterment statute, yet relief was granted by the appellate courts of this state under suits independent of the statute. We think the principle is established in Missouri that relief may be had in this type of case by a suit in equity, where equitable rights are involved, especially where the improvements were made with the knowledge and acquiescence of the landowner, and if plaintiffs acted innocently, in good faith, and without notice, providing the case is one which does not fall within the provisions of the statute.

There are many cases from other jurisdictions in harmony with our opinion herein, among which are Voss v. Forgue, Fla., 84 So.2d 563; Ollig v. Eagles, 347 Mich. 49, 78 N.W.2d 553, 557, et seq.; Bryant v. Carville, 134 Me. 493, 182 A. 162, 164; Murphy v. Benson, Tex.Civ.App., 245 S.W. 249, 254. We have also found Missouri decisions, other than the three mentioned herein which, generally support our ruling. We think it unnecessary to refer more specifically to such cases, for it would extend the opinion and add but little of value.

■ The case below was, apparently tried and decided on a wrong theory. There is no sufficient evidence in the record to determine the value by which the property was enhanced by the improvements made by plaintiffs, nor the amount of rents and profit collected by plaintiffs while in possession.

The judgment should be reversed and the cause remanded for a new trial. See Hetzler v. Millard, 348 Mo. 198, 153 S.W. 2d 355, 359.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded for a new trial.

All concur.