18528

The CITIZENS AND SOUTHERN NATIONAL BANK, ATLANTA, GEORGIA, Respondent, v. MODERN HOMES CONSTRUCTION COMPANY, Appellant.

(149 S. E. (2d) 326)

*Messrs. Edens, Woodward & Butler,* of Columbia, *for Appellant,*

*Hubert E. Nolin, Esq.,* of Greenville, *for Respondent,*

July 5, 1966.

LEWIS, Justice.

The plaintiff brought this action in equity to require the defendant to permit the plaintiff to remove from defendant's property a house which was allegedly constructed thereon through inadvertence and mistake by plaintiff's predecessor in title. The defendant demurred to the complaint upon the ground that it failed to state a cause of action, contending that there exists no remedy in equity whereby one, under the facts alleged, may recover for improvements placed on the property of another. The lower court overruled the demurrer and defendant has appealed from such ruling.

The sole question to be decided is: Can one who, in good faith, mistakenly constructs a building on the land of another, maintain an action in equity for the purpose of re-entering to recover the improvements so made?

The factual allegations of the complaint, admitted for the purposes of demurrer, are as follows: Plaintiff's predecessor in title, Lee Quality Homes (referred to hereafter as Lee), and the defendant, owned adjoining lots in Greenville County. Lee, intending to place a shell home on its lot, inadvertently and by mistake constructed the home on the adjoining lot of the defendant. Lee conveyed its property to plaintiff for full value on June 30, 1964, both thinking at the time that Lee was selling and plaintiff was buying a house and lot.

After the sale to plaintiff, it was discovered that the house, which Lee intended to convey, had been constructed on the wrong lot. Plaintiff has, since it acquired title from Lee, paid taxes on the property, including the house. Plaintiff desires to move the building from defendant's lot on to the lot owned by it; but the defendant after notice, refuses to allow this to be done. While it is alleged that the house can be moved without damage to defendant, plaintiff is willing to execute a bond to defendant to indemnify it against any loss which may occur during such removal. It is inferable from the pleadings that the improvements were placed on defendant's property in good faith, with no intent to defraud.

Questions concerning the rights and remedies of one who improves the land of another to recover for such improvements have been the subject of much litigation. In dealing with such situations the common law followed the rigid rule that "the owner of the fee is the owner of all the structures and improvements on the land. Therefore one making improvements upon the land of another would lose his improvements on recovery of the land from him by the true owner, and he would be without remedy." *Hall v. Boatwright*, 58 S. C. 544, 36 S. E. 1001, 79 Am. St. Rep. 864. However, the civil law rejected this rule and adopted the view that one who placed improvements on the land of another, under the *bona fide* belief that he was the owner, could recover full compensation for the value of the improvements, less the owner's claim for rents and profits. Equity followed the civil law in such cases and awarded compensation to the *bona fide* holder upon the principle that he who seeks equity must do equity. Originally, the occupant could assert his claim for improvements in equity only defensively in an action brought by the owner for equitable relief. 27 Am. Jur., Improvements, Section 5; 42 C. J. S., Improvements, § 6. The equity rule was adopted in common law courts with limitations. As adopted, no claim for improvements could be asserted except against the owner's claim for rents and profits and then only to the extent of such claim by

the owner. There are early South Carolina cases apparently adopting this view. *Martin v. Evans,* 1 Strob. Eq. 350; *Dellet v. Whitner,* Cheves Eq. 213.

Adherence to the principles of the common law rule often resulted in hardship to one who in good faith improved the land of another and the rule has been greatly relaxed in modern times. Remedies to relieve from the resulting inequities have been found (1) in the adoption of betterment or occupying claimant statutes and (2) by a recognition that equity has the inherent power in cases not covered by such statutes to grant relief where the parties can be made whole.

The betterment statute was originally adopted in this State in 1870 and is now contained in Section 57-401 *et seq.* of the 1962 Code of Laws. Section 57-407 provides that in any action, whether legal or equitable, for the recovery of lands and tenements, the defendant who may have made improvements on such land, believing at the time that his title thereto was good in fee, may set up in his answer a claim against the plaintiff for the amount which the land has been enhanced in value by reason of such improvements. This statute permits one, who was in possession of lands under an honest but mistaken belief of ownership, to recover for improvements made by him only where an action at law has been brought by the owner to recover possession. It does not appear in this case that any action for possession of the land has been brought by the owner and, therefore, the betterment statute affords no remedy. See: *Hall v. Boatwright, supra,* 58 S. C. 544, 36 S. E. 1001.

For a discussion of our betterment statute and its background see: 17 S. C. L. Q. 397.

The fact that the betterment statute affords no remedy is not conclusive, for it was not intended to provide the only remedy by which the rights of one improving the land of another may be protected. The statute does not preclude suits not within its terms and was not intended to affect the jurisdiction of equity in other cases. *Hall v. Boatwright, supra.*

While common law principles strongly affected our earlier decisions in dealing with the rights of one who improved the land of another, there is no sound reason to deny the plaintiff a remedy in equity under the facts alleged. If the plaintiff is allowed to remove the building, the defendant would be deprived of nothing to which he is justly entitled and would be compensated for any damage that might result from the removal of the building. Both parties would be made whole. It would be clearly inequitable, under the facts alleged, to allow the defendant to be enriched by the construction of the building on its land. Courts in other jurisdictions have found no difficulty in granting relief in such cases, not upon the theory of the betterment statutes, but upon the broad power of equity. See: *Salazar v. Garcia,* Tex. Civ. App., 232 S. W. (2d) 685; *Toalson v. Madison, Mo.,* 307 S. W. (2d) 32; *Hardy v. Burroughs,* 251 Mich. 578, 232 N. W. 200; *Murphy v. Benson,* Tex. Civ. App., 245 S. W. 249; *Pull v. Barnes,* 142 Colo. 272, 350 P. (2d) 828. Annotations dealing with the question may be found in 24 A. L. R. (2d) 11 and 57 A. L. R. (2d) 263.

The demurrer to the complaint was properly overruled.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.