20366

Willie H. WARREN, Appellant, v. Rebecca Frazier WARREN and Joseph Frazier, Respondents.

(232 S. E. (2d) 731)

*C. D. Hopkins, Jr., Esq.,* of North Charleston, *for Appellant,*

*Respondents not represented by Counsel.*

February 23, 1977.

*Per Curiam:*

This is an appeal from an order of summary judgment in favor of the defendants-respondents.

Mary Glover, a/k/a Mary Wright, was the owner of a 2.5 acre tract of land and allegedly contracted to sell the land to plaintiff-appellant Willie Warren. Appellant alleges that he paid the agreed consideration of $75.00 and constructed a house on the property worth $18,500.00. Mary Wright died before she executed the deed and the land devolved to her daughter Eloise Frazier (Eloise Frazier conveyed the tract to her daughter, Rebecca Warren, who later reconveyed the tract back to Eloise Frazier), who died intestate and the tract descended to her children, Rebecca Warren and Joseph Frazier, the respondents herein. Rebecca Warren is the estranged wife of the appellant.

Joseph Frazier instituted a prior ejection proceeding in county court against Willie Warren and also prayed that any interest Warren might have in the property be set aside.

Warren failed to answer and an order of default judgment was filed on February 16, 1976.

The appellant instituted this action in the court of common pleas against the respondents Joseph Frazier and Rebecca Warren for the value of the improvements to the property. Respondents answered interposing the prior adjudication as a bar to this action and counterclaimed for damages alleging malicious prosecution. Appellant demurred to the counterclaim. Thereafter the respondents moved for summary judgment which was granted.

The threshold issue is whether appellant's claim for betterments constituted a compulsory counterclaim in the prior suit. Section 57-401 provides that after a party is dispossessed of realty, which he improved believing he had good title, may recover by two methods: (1) within 48 hours after judgment recovering the land, the defendant may file a complaint (§ 57-403); or, alternatively, (2) the defendant may set up in his answer to the original action for recovery of lands, a claim for his improvements (§ 57-407). This statutory scheme has been construed to be the sole remedy available:

". . . the right of one dispossessed of realty to the value of betterments is purely statutory and remedy is available only upon a following of the statutes and upon proof of facts encompassed within the terms of them." *Reaves v. Stone,* 231 S. C. 628, 634-635, 99 S. E. (2d) 729, 732 (1957).

In his order for summary judgment the trial judge held that the plaintiff's claims for betterments "under Code of Laws § 57-407 or otherwise should have been asserted in the earlier action. . ." Since the instant action was not commenced within 48 hours after the default judgment (the default judgment filed on February 16th, and this action commenced May 7th), we believe that the summary judgment was proper.

Appellant asserts that summary judgment should not have been granted on the respondents' counterclaim alleging mali-

cious prosecution as there was an issue of fact as to damages and there was a demurrer pending. It is apparent that the trial judge did not consider the counterclaim in his summary judgment order and these exceptions are without merit.

Since this is an action at law, the power of the Court in an equitable proceeding to grant relief is not here involved. See *Citizens and Southern National Bank, Atlanta, Georgia v. Modern Homes Construction Company,* 248 S. C. 130, 149 S. E. (2d) 326 (1966).

Having concluded that the summary judgment order was proper, we need not reach the remaining exceptions and we, therefore, affirm.

Affirmed.