**Thomas D. STEEN and Loretta F. Steen, Plaintiffs-Respondents,**

v.

**Mario COLOMBO and Elizabeth Colombo, Defendants-Appellants.**

No. 14757.

Missouri Court of Appeals, Southern District, Division One.

Jan. 9, 1987.

John R. Lewis, Lewis and Stevens, P.C., Springfield, for plaintiffs-respondents.

Paul T. Graham, Carson, Coil, Riley, McMillin, Levine and Veit, P.C., Jefferson City, for defendants-appellants.

GREENE, Presiding Judge.

Defendants, Mario and Elizabeth Colombo, appeal from a judgment of the Circuit Court of Camden County ordering them to deed real estate they owned to plaintiffs, Thomas D. and Loretta F. Steen, and ordering the Steens to pay the Colombos $32,000 for the property.

The judgment was premised on the alleged right of the trial court to order the forced sale of the real estate, by reason of the provisions of § 524.160, et seq.,[1] which statutes constitute the so-called "betterment act." The act is contained in chapter 524, titled "Ejectment," and is designed to prevent unjust enrichment to a landowner where a land occupier makes good faith improvements on the land, believing that he has a legal right to do so. *State v. Jones*, 335 S.W.2d 468, 470–471 (Mo.App. 1960).

The facts are not in dispute. On March 31, 1984, the Steens purchased Lot 1110 in Cornet Cove Number 5, a subdivision in Camden County, Missouri. The lot was in the Four Season's development complex on the shores of Lake of the Ozarks, and its price was $27,500. Lot 1111, which was substantially the same size and configuration, adjoins Lot 1110. When the Steens were shown the property, they noticed stakes bearing the numbers 1110 at what they thought were the corners of their lot. They did not have the land surveyed to determine the true boundaries of their property.

The Steens acquired a building permit, and started construction of a "spec house," on what they thought was their lot, hoping to make a profit through its sale. The structure was nearing completion when, on

---

**1.** Unless indicated otherwise, all references to statutes are to RSMo 1978, V.A.M.S.

July 9, 1984, the Steens were notified by an official with Four Season's Development that they were building on Lot 1111, which was owned by the Colombos, not on Lot 1110, which they had purchased. A survey confirmed that this information was correct.

The Colombos, who lived in St. Louis, had no knowledge that the house had been built on their lot until they were notified of such by Mr. Steen. When the parties were unsuccessful in resolving the problem through settlement, the Steens sued the Colombos. Their petition asked for a declaration of rights of the parties, and further requested that, if the trial court found that the Colombos had title to Lot 1111, and a right to possession (which fact was not in dispute), that the Steens be compensated for the value of the improvements they had placed on the lot, and that, if such value was greater than the value of Lot 1111, the Colombos be compelled to convey the lot to the Steens, upon their payment to the Colombos of its value. The Colombos' answer to the petition was in the nature of a general denial.

The case was court-tried, after which the trial court made written findings of fact, conclusions of law, and entered a judgment directing the Colombos to convey their lot (No. 1111) to the Steens, and directed the Steens to pay the Colombos $32,000, which the trial court had determined was the value of the lot. The trial court found that the Steens had entered the Colombos' property, and had erected the house in good faith, believing the lot belonged to them. The trial court valued the house at $65,000, and, since its value exceeded that of Lot 1111, ordered the transfer of the lot to the Steens, and the payment for the lot by the Steens to the Colombos.

The Colombos' appeal followed. They contend that since they had not agreed to relinquish title to their land, the action of the trial court in compelling them to sell was in excess of the trial court's jurisdiction. We agree, and reverse and remand.

The trial court relied on the statutory provisions of the "betterment act" in making its determinations. The act provides for a suit by the landowner to eject the trespasser, and also provides that a good faith occupant is entitled to recoup the value of improvements that he has put on the land, believing that he had a right to do so.

While § 524.190 provides that a plaintiff who sues for ejectment may ask the court for leave to relinquish his land to the occupying claimant, and recover its value aside from the improvements, the Colombos did not sue in ejectment, and have not relinquished their land to the Steens.

While the Steens were entitled to bring a suit in equity, which they did, to recover the value of the improvements, *Toalson v. Madison*, 307 S.W.2d 32, 34–35 (Mo.App. 1957), there is nothing in *Toalson*, or any other case that we know of, that permits the court to order a forced sale of real estate under circumstances such as we have here. The "betterment act," when considered as a whole, provides that the landowner may relinquish his land and recover its value, rather than pay the cost of its improvements, § 524.190, and that the trial court may enter a judgment regarding such desire to relinquish. § 524.200. These two sections must be read together, so that even if the Colombos had sued in ejectment, which they did not, they could not have been forced to sell their land to the Steens, against their will. Such forced sale would be violative of Art. I, § 28 of the Missouri Constitution, which provides that, with certain exceptions not applicable here, private property cannot be taken for private use, with or without compensation, unless by consent of the owner.

While it has been held that a statute permitting the occupant of land, who has been ejected, to recover for the value of improvements he made in good faith, prior to notice of adverse title, is not violative of the constitutional prohibition, *Tice v. Fleming*, 173 Mo. 49, 72 S.W. 689, 691 (1903); *Stump v. Hornback*, 94 Mo. 26, 6 S.W. 356, 358 (1887), such pronouncements do not encompass and legitimize what was done here, as *Stump v. Hornback*, 6 S.W. at

359–360 plainly holds. *Stump v. Hornback,* while old law, is still good law. The trial court acted in excess of its jurisdiction when it ordered the Colombos to convey their land to the Steens.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings consistent with this opinion.

HOGAN, J., concurs.

CROW, C.J., concurs and files concurring opinion.

CROW, Chief Judge, concurring.

Outrageous as it may seem, the imprudent Steens—who commenced construction of the house without having the land surveyed—have a claim under § 524.160, RSMo 1978, against the innocent Colombos, who on July 6, 1984, discovered a partially completed and totally unwanted house on their land. While § 524.160 was undoubtedly enacted with good intentions, it will wreak a monumental injustice in this case.

The testimony of a consulting engineer who inspected the house at time of trial (October 16, 1985) established that there were cracks in the foundation walls and a crack in the basement floor, and that it would cost an estimated $8,000 to correct those defects. Additionally, a real estate broker testifying for the Steens explained that the house was "unfinished," and another real estate broker testifying for the Steens estimated it would take $15,000 or $20,000 to finish it.

Yet, if they want to keep their land (and they say they do), the Colombos are going to have to pay the Steens, then do the best they can with the unfinished, defective house. Deplorable as it is, this is the position in which the law and the Steens have cast the Colombos.

It should be pointed out, however, that under § 524.160, the proper measure of the Steens' recovery is the amount by which the value of the Colombos' land has been enhanced by the "improvements." *Snadon v. Gayer,* 566 S.W.2d 483, 495[13] (Mo. App.1978), and cases there cited. While the trial court found that the fair market value of the improvement was $65,000, I espy no finding by the trial court as to the amount—if any—by which the value of the Colombos' land has been enhanced by such improvement. The enhancement of the land's value—particularly in view of the condition of the house and the staggering expenses facing the Colombos in repairing and completing it—may be considerably less than the "fair market value" of the house. On remand, the amount of the Steens' recovery should be assessed according to *Snadon.*

Having said this, I concur in the result reached by the principal opinion.