THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Louise Smith, Respondent,
v.
Larry Bloome, Appellant.
 
 
 

Appeal From Orangeburg County
 Olin D. Burgdorf, Master- In- Equity

Unpublished Opinion No. 2006-UP-096
Submitted February 1, 2006  Filed February 14, 2006   

AFFIRMED

 
 
 
H. Wayne Floyd, of W. Columbia, for Appellant.
William T. Toal, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Larry Bloome appeals from an order finding he was not the owner of 9.9 acres of land in Orangeburg County, alleging that he is the owner of the land because he paid the purchase price, he has title by adverse possession, and he is entitled to money under the betterment statute.  We affirm.[1]
FACTS
Ada Johnson died in 1992, devising all of her property to Fred Johnson, who then died in 1993.  After his death, Louise Smith, a resident of New York, was appointed as the personal representative of Freds estate and became the sole heir of a 9.9-acre piece of land located in Orangeburg County.  Ada owned the land originally, but Fred inherited it when she died. 
Smith testified that before Ada died she told her she was going to sell some of the property, but then Ada became sick, and as a result, she did not pursue it any further.  Smith further testified she knew that Bloome, her distant cousin, kept animals on the land; however, Bloome began building a house on the land without her prior knowledge.  Smith said she was going to give Bloome the one-acre section of land on which he built his house, but Bloome failed to hire a surveyor and then became rude to her, so she told him he had to buy the land from her.  When Bloome refused to pay Smith for the land she sent a realtor to make him pay rent, which he also refused to do. 
On January 16, 2001, Smith brought an action in Magistrates Court to evict Bloome as a tenant from the property.  Bloome counterclaimed, alleging he was the owner of the land because he paid the purchase price, he had title by adverse possession, he had greatly increased the value of the property when he built a house on it, Smith was unjustly enriched, and Smith should be estopped from asserting Bloome did not own the property.  After being transferred to the Court of Common Pleas per Bloomes motion, a hearing was held on December 5, 2001.  On May 10, 2002, the judge entered a judgment for Smith and ordered that Bloome be ejected from the premises.  Bloome filed a Motion for Rehearing, Reconsideration and for a New Trial on May 23, 2002, which was denied by an Order filed on November 10, 2004.  On December 14, 2004, Bloome filed his Notice of Appeal with this court.  Subsequently, on December 30, 2004, Bloome filed a motion to stay ejection in the Court of Common Pleas.  The judge issued an order on February 28, 2005, staying ejectment, but requiring Bloome to pay $750 per month into escrow pending the outcome of the appeal. 
STANDARD OF REVIEW
In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judges findings. 
Townes Assoc., Ltd. v. City of Greenville,
266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
LAW/ANALYSIS
Bloome argues the trial court erred when it ruled that he did not own the land by adverse possession.  We disagree.
A plaintiffs title by adverse possession requires proof of actual, open, notorious, hostile, continuous, and exclusive possession by the claimant, or by one or more persons through whom he claimed, for the full statutory period. 
Miller v. Leaird, 307 S.C. 56, 61, 413 S.E.2d 841, 844 (1992).  Bloome claims that he occupied the property for the ten-year statutory period; however, the trial judge found that Bloomes possession was not hostile because he lived on the property with Adas permission and Smith continued Bloomes permissive use for a period of time after she inherited the land.  Therefore, the trial judge was correct in finding that Bloome did not gain possession of the land by adverse possession.
Bloome argues the trial court erred when it ruled that he did not own the land because he paid the purchase price for the land.  We disagree.
At trial, Bloome testified that he purchased the 9.9 acres of land from Ada before she died and he had two receipts from her for the sale of the land.  However, the trial judge determined that Ada did not write the receipts because the handwriting on the receipts differed from a sample of Adas signature that was admitted at trial as an exhibit.  Furthermore, the judge stated that even if he accepted the authenticity of the receipts, they did not describe the property to be conveyed nor did they show the purchase price.  Additionally, the judge held that because Bloome did not have a deed to the land and has never had a deed to the land, or any other written document signed by Ada, he failed to satisfy the Statute of Frauds.  S.C. Code Ann. § 32-3-10(4) (1991).  Thus, the trial judge was correct in finding that Bloome did not acquire the property by paying the purchase price.    
Bloome argues the trial court erred when it ruled that he was not entitled to reimbursement for his substantial improvements to the property under the betterments statute.  We disagree.
To recover under the betterments statute, it is incumbent on [Bloome] not merely to show the value of his improvements, but he must present evidence from which the jury can find a special verdict stating the value of the land without the improvements and the value of the land with the improvements . . . .  Hall v. Boatwright, 58 S.C. 544, 547, 36 S.E. 1001, 1002 (1900).  At trial, Bloome presented evidence of the value of his house; however, he failed to present evidence of the value of the land without the improvements or the value of the land with the improvements.  Additionally, the betterments statute requires for Bloome to have believed that he was the exclusive owner of the land.  Id. at 547-548, 36 S.E. at 1002-1003.  The trial judge found that Bloome knew that he did not have a deed to the land and that he could have checked with the Register of Deeds to determine if a deed had been recorded.  Therefore, the trial judge was correct in holding that Bloomes claim failed under the betterments statute.  
Bloome argues the trial court erred when it ruled that he had to pay $750 a month to stay ejection from the property during the appeal.  
Rule 203(d)(2)(B), SCACR, requires an appellant to file along with their notice of appeal, a copy of the order(s) and judgment(s) which are to be challenged on appeal.  Bloome filed a motion to stay ejection in the trial court after he filed his notice of appeal with this court.  Bloome did not file an amended notice of appeal with this court subsequent to the trial courts ruling on the motion to stay; therefore, this issue is not properly before us.          
 AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.